Filed 9/21/22  P. v. Brogdon CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078643 |
| v. | (Super.Ct.No. RIF2004374) |
| JOHN KEVIN BROGDON, | **ORDER MODIFYING OPINION** |
| Defendant and Appellant. | [NO CHANGE IN JUDGMENT] |

THE COURT

The court has reviewed appellant's letter filed September 15, 2022, requesting the correction of a typographical error in our nonpublished opinion filed September 13, 2022. The opinion is modified as follows:

On page 10, in the first sentence of the second full paragraph, which begins, "Defendant's apparent contention . . . ," change "two strikes" to "one strike."  The sentence should read:

Defendant's apparent contention that he could only have one strike alleged against him in the future is belied by the express terms of his plea agreement, which provided that both offenses would count as strikes.

1

This modification does not change the judgment.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER_____

J.

We concur:


RAMIREZ_____

                 P. J.


CODRINGTON_____

           J.

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E078643 |
| v. | (Super.Ct.No. RIF2004374) |
| JOHN KEVIN BROGDON, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Gail A. O'Rane and Mark E. Johnson, Judges.

John Kevin Brogdon, in pro. per., and Savannah R. Montanez, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant, John Kevin Brogdon, pled guilty to one count of second degree robbery (Pen. Code, § 211, count 1)[1] and one count of threatening to commit a

_____

[1] All further statutory references are to the Penal Code unless otherwise indicated.

*[footnote continued on next page]*

1

crime (§ 422, count 2). Pursuant to the plea agreement, the court sentenced defendant to three years of imprisonment. After defense counsel filed a notice of appeal on behalf of defendant and counsel from Appellate Defenders, Inc., filed an amended notice of appeal, this court appointed counsel to represent defendant.

Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the facts, a statement of the case, and identifying three potentially arguable issues: (1) whether the court sentenced defendant in accordance with his plea agreement; (2) whether the court properly imposed the upper term of three years on the threatening the commit a crime count; and (3) whether the court had jurisdiction to consider defendant's motion to withdraw his guilty plea.

Defendant was offered the opportunity to file a personal supplemental brief, which he has done. Defendant enumerates five contentions on appeal: (1) that Senate Bill No. 483 (2021-2022 Reg. Sess.), which was codified in section 1171.1. (Stats. 2021, ch. 728, § 3) somehow applies because it "clearly states that the same case against the same person would be only one strike against [defendant] not two"; (2) pursuant to section "1170.1 and perhaps *People v. Vargas* (2014) 59 Cal.4th 635, 646," he should have only one, not two, strikes against him; (3) we should consider that he suffers from a major mental illness and consider the application of Senate Bill No. 81 (2021-2022 Reg. Sess.) and Senate Bill No. 82; (4) he questions whether "859 credit comp. no longer

2

exist—only 809?  Just 20 days more or less"; and (5) he notes that he never had a weapon, and he found the robbery note on the ground.  We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Defendant admitted that on December 19, 2020, he willfully, unlawfully, and by means of force and or fear took personal property from the immediate presence of the victim.  He also admitted that he threatened the victim with great bodily injury or death.

On December 23, 2020, the People charged defendant by felony complaint with robbery (§ 211, count 1), threatening to commit a crime (§ 422, count 2), and two counts of attempted robbery (§§ 664, 211, counts 3 & 4).  The People additionally alleged that in his commission of the counts 1 and 2 offenses, defendant had personally used a deadly weapon, a knife, (§§ 12022, subd. (b)(1), 1192.7, subd. (c)(23)), and that defendant had two prior convictions within the meaning of section 1203, subdivision (e)(4).

On May 19, 2021, defendant filed a letter requesting a *Marsden*[2] hearing.  During the *Marsden* hearing on May 25, 2021, defense counsel declared a doubt about defendant's mental competence to stand trial and asked the court to proceed pursuant to section 1368.  The court denied the *Marsden* motion.

The court declared a doubt about defendant's competence to stand trial and referred the matter for the appointment of medical examiners.  On May 27, 2021, the court appointed two medical examiners to determine defendant's mental competence to stand trial.

---

[2] *People v. Marsden* (1970) 2 Cal.3d 118 (*Marsden*).

3

On June 21, 2021, a psychologist filed a report concluding that defendant was competent to stand trial. On June 22, 2021, a second psychologist filed a report opining that defendant was competent to stand trial. On June 24, 2021, based on the parties' stipulation that the court could base its findings on the psychologists' reports, the court found defendant competent to stand trial. The court granted defense counsel's request to place defendant in mental health court pursuant to section 1001.36.

On August 26, 2021, defense counsel again declared a doubt about defendant's competency to stand trial. Defendant requested another *Marsden* hearing. The court held a *Marsden* hearing after which it denied defendant's request. The court declared a doubt regarding defendant's mental competency to stand for trial and appointed psychologists to evaluate defendant.

On October 1, 2021, a psychologist filed a report concluding that defendant was competent to stand trial. On October 18, 2021, another psychologist filed a report opining that defendant was competent to stand trial. On October 22, 2021, the parties submitted on the psychologists' reports. The court reinstated criminal proceedings and referred the matter to the mental health court.

On October 26, 2021, the parties requested the court order an eligibility report from the mental health court, which the court ordered. On January 25, 2022, the People informed the court that defendant had been found unsuitable for mental health court. The court referred the matter for a felony settlement conference.

4

On January 27, 2022, defendant pled guilty to one count of second degree robbery (§ 211, count 1) and one count of threatening to commit a crime (§ 422, count 2). The court went over the plea form with defendant. The court asked defendant if he had gone over the plea form with his attorney. Defendant said that he had. Defendant said that he understood everything in the plea agreement. Defendant said that he understood the consequences of the plea.

The plea agreement expressly provided that each conviction would be a "strike." Defendant initialed a provision that he understood he was pleading "to a 'strike' offense or offenses and that [he would] be subject to increased penalties and punishments if [he] commit[ted] a future felony." Defendant told the court he understood that he was "subjecting [himself] to the Three Strikes Law, such that if [he] pick[ed] up any qualifying offense in the future, [he] could be subject to the Three Strikes Law and be sentenced to 25 to life." Defendant initialed the provision that he would waived any right to appeal."

In exchange for the plea, the People agreed to a sentence of three years of imprisonment, consisting of the midterm of three years on count 1 and the upper term of three years on count two, to run concurrent to count 1. The People agreed to dismiss all remaining counts and enhancements and to the award of 465 days of total credit consisting of 405 actual, and 60 days of conduct credit pursuant to section 2933.1.

5

The court sentenced defendant to three years of imprisonment consisting of the midterm on count 1 and the upper term of three years on count two, to run concurrent to count 1, as specified in the plea agreement. The court awarded defendant 465 days of total credit as provided by the plea agreement; the court dismissed all remaining counts and enhancements.

On February 9, 2022, the court set the matter for a hearing on a motion to withdraw the plea.[3] At the hearing on February 10, 2022, the court noted, "It's been sent to me for a *Sanchez*[4] hearing. I assume you wanted to withdraw your plea?" Defendant responded that he did, and then stated: "I was hearing voices really bad that day, and this is a very good attorney and I should have listened to this lady. I don't want to throw her under the bus. And I was just trippin' hard and . . . the other attorney, . . . said I could probably get into a program over in mental health court, and I have gotten programs over there before. So I was back and forth to court, and a lot of times I was so tired and I was hearing voices. But [I am] on the right medications and I'm not trippin' anymore."

The court noted, "Let me just—I'll be blunt with you, [defendant]. I get—a three-year sentence with your record, frankly I think that was a very good deal. You had a lot of stuff going on . . . ." The court observed, "I don't think I have any jurisdiction here. He's already been sentenced to state prison."

---

[3] There is no motion to withdraw the plea, either oral or written, in the record on appeal.

[4] *People v. Sanchez* (2011) 53 Cal.4th 80 (*Sanchez*).

6

Defendant complained that his counsel was not aware of defendant's physical and mental issues. Defendant said, "we had another deal for four years, one strike, and I thought we were still doing that. I didn't have my glasses that day and so I just signed it." "It scares me to have two strikes."

Defense counsel noted that she was only supposed to stand in for defendant's counsel the day he entered the plea. She told defendant to wait until his regular counsel returned before entering any plea. However, defendant did not wish to wait. The People had "originally offered him three strikable offenses. So I went back to the [People] and I said, that's going to be really harsh for him; [defendant] wanted something different and so [defendant] said, go tell her three years. So I went back to the [People] and said three years, but why don't we do something where—where it's not going to be automatically he's going to have three strikable offenses on his record."

Defense counsel continued, "The robberies in those two are basically more or less one incident. So even though on paper it looks like it's two strikes, I told [defendant] that in the future, because we don't know how the law is going to change, we don't know what a future judge is going to do, potentially it is one strike. [¶] But I do want to represent to the Court that I was not aware that [defendant] was hearing voices that day. I was aware that he came back from mental health court; that I did know. [Defendant] was very honest about that. We did have a talk. He was very frantic that day. He wanted a forthwith sentence. So in that respect as to what he talked about, you could tell he was frustrated that day. [¶] . . . [¶] . . . I should have recognized . . . that he was in a manic state. So I didn't take responsibility for that."

7

The court noted, "I have to find that you were ineffective. I'm not seeing the ineffectiveness. I appreciate this is probably some of the most candid comments I've ever had at a *Marsden* hearing, but what exactly did you do wrong?"

Defense counsel responded, "I did tell him to wait. I think part of him saying I don't want to wait, I want to do a plea today is probably from his mental health condition, and I probably should have just forced him to wait."

Defendant said, "Four doctors that I saw, they found me mentally insane at the time of the crime; four doctors in the mental health court. They said I was insane. All four of them did that." Defense counsel responded, "It was in the competency 1368 proceedings. So he does have mental health issues, yes, and he was under certain influences."

The court said, "I actually did a little research because I haven't done a *Sanchez* in a while." The court asked why defendant believed his defense counsel had been ineffective. Defendant asked, "Is there any way I can take your professional advice, Your Honor, and just take the three—the three years? I don't want to get her in trouble." "I'm thinking that was a very good deal after being, um, advised again while my head's a little bit together better, and perhaps I should just take this deal and say thank you to everyone and be on my way."

The court said its ruling was "two tiered"; "I'm going to deny the *Marsden* motion, deny the request to withdraw your plea." A "second reason the Court denies the motion [is] because I don't have jurisdiction. I really believe that. I don't have jurisdiction anymore because this gentleman has already been sentenced on January 27th of this year to state prison. [¶] Once you're sentenced, I lose jurisdiction and the remedy is a writ of habeas corpus. So for that reason, for the jurisdictional reason I deny the motions."

On March 8, 2022, defense counsel filed a notice of appeal alleging defendant's plea was unknowing and noting that the court denied his *Sanchez* motion. "Defendant alleges he was not in his right state of mind when he pled guilty." Defendant requested a certificate of probable cause, which the court denied. On March 10, 2022, counsel from Appellate Defenders, Inc., filed an amended notice of appeal checking the box indicating that the appeal would challenge "the sentence or other matters which occurred after the plea and do not affect its validity."

## II. DISCUSSION

Defendant lists five issues on appeal: (1) that Senate Bill No. 483, which was codified in section 1171.1. somehow applies because it "clearly states that the same case against the same person would be only one strike against [defendant] not two"; (2) pursuant to section "1170.1 and perhaps *People v. Vargas* (2014) 59 Cal.4th 635, 646," he should have only one, not two, strikes against him; (3) we should consider that he suffers from a major mental illness and consider the application of Senate Bill No. 81 (2021-2022 Reg. Sess.) and Senate Bill No. 82; (4) he questions whether "859 credit

9

comp. no longer exist—only 809?  Just 20 days more or less"; and (5) he notes that he never had a weapon, and he found the robbery note on the ground.

Senate Bill No. 483 resulted in the enactment of section 1171.1, which became effective on January 1, 2022.  That statute renders legally invalid all prior prison term enhancements imposed before January 1, 2020, pursuant section 667.5, subdivision (b), except those for an enhancement resulting from a conviction for a sexually violent offense.  (§ 1171.1, subd. (a).)  Here, The People never charged defendant, defendant never admitted, and the court never imposed any enhancement based upon defendant having sustained a prior prison term.  Thus, Senate Bill No. 483 and section 1171.1 have no application to his case.

Defendant's apparent contention that he could only have two strikes alleged against him in the future is belied by the express terms of his plea agreement, which provided that both offenses would count as strikes.  The court expressly asked defendant, "You also understand that you are pleading guilty to two strikes, although it may have arisen out of the same offense."  To which defendant responded, "Yes, I do, Your Honor."  The court further queried, "You also understand that you are subjecting yourself to the Three Strikes Law, such that if you pick up any qualifying offense in the future, you could be subject to the Three Strikes Law and be sentenced to 25 to life.  [¶]  Do you understand that?"  Defendant responded, "Yes, Your Honor."

Whether and to what extent the People could or would file strike allegations against defendant in the future, should he commit any further crimes, or if those strikes could or would be found to be legally valid, are questions that are simply not ripe at this time.

"Courts may only decide cases that are ripe, and therefore justiciable." (*People v. Ramirez* (2021) 71 Cal.App.5th 970, 995 ["""" A controversy is "ripe" when it has reached, but has not passed, the point that the facts have sufficiently congealed to permit an intelligent and useful decision to be made.'""""].)

"In 2021, the Legislature enacted Senate Bill No. 81 . . . , which amended section 1385 to specify factors that the trial court must consider when deciding whether to strike enhancements from a defendant's sentence in the interest of justice. . . ." (*People v. Sek* (2022) 74 Cal.App.5th 657, 675.) Since defendant did not admit any enhancements, Senate Bill No. 81 has no application to his case, regardless of whether he suffers from a mental illness. Senate Bill 82 has yet to be enacted. (See <https://legiscan.com/CA/bill/ SB82/2021> [as of Sept. 7, 2022].)

We cannot discern to what credits defendant is referring. The court awarded defendant 465 days of total credit as provided by the plea agreement. Thus, defendant has not met his burden of showing he was entitled to any additional credits. """"An appealed judgment is presumed to be correct. We will indulge all intendments and presumptions to support the judgment on matters as to which the record is silent and prejudicial error must be affirmatively shown."""" (*Anderson v. Davidson* (2019) 32 Cal.App.5th 136, 144.)

Finally, defendant did not plead guilty to any offense or admit to any enhancement involving the use of a weapon. Moreover, whether he found the robbery note he admits to using is of no consequence. Defendant pled guilty to one count of second degree robbery. Thus, defendant has failed his burden of showing any error.

11

## III.  DISPOSITION

The judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER
J.

We concur:

RAMIREZ
P. J.

CODRINGTON
J.